IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEIZURE )
OF UP TO $8086.71 IN U.S. FUNDS )
ON DEPOSIT IN SUNTRUST BANK )
ACCOUNT #xxxxx3458, IN THE )
NAME OF PAUL JUSTIN MATHEWS. )

<u>AFFIDAVIT IN SUPPORT OF A SEIZURE WARRANT</u>

DEBRA L. LaPREVOTTE, being duly sworn, deposes and states as follows:

**<u>INTRODUCTION</u>**

1. I am a Special Agent employed by the Federal Bureau of Investigation ("FBI"). I have been so employed for nine (9) years. Currently, I am assigned to the Asset Forfeiture/ Money Laundering Squad in the FBI's Washington D.C. Field Division (Northern Virginia Resident Agency). My investigative assignments include money laundering as it relates to the proceeds of bank fraud, wire fraud and mail fraud schemes, as well as, a variety of white collar and narcotic related investigations. I have received extensive training in Advanced Money Laundering Techniques and Complex Financial Manipulation.

2. I am currently assisting Special Agent ("SA") Regan G. Plath, Federal Bureau of Investigation ("FBI"), Washington Field Office, Washington, D.C. SA Plath has been an Agent of the FBI since February 2004 and is assigned to work financial crimes.

3. This affidavit is in support of a seizure warrant for the following item:

UP TO $8086.71 IN U.S. FUNDS ON DEPOSIT IN SUNTRUST
BANK ACCOUNT #xxxxx3458, IN THE NAME OF PAUL
JUSTIN MATHEWS.

-1-

## BACKGROUND

4.  On or about June 30, 2005, an individual with the Washington D.C. office of law firm of Fried, Frank Harris, Shiver & Jacobson LLP ("the law firm") contacted the FBI and provided information to indicate that Gerry Diane Mathews, a bookkeeper for the law firm, had embezzled funds from the law firm.  The law firm became aware of this loss when the law firm received a notice that withholding taxes had not been paid.  While attempting to reconcile this situation, another bookkeeper at the law firm noticed discrepancies in the bank records of the law firm. The law firm hired a professional auditing firm, Protiviti, to audit the law firm's books.  From this audit, records were obtained that indicated that over the past 10 years, Gerry Mathews had altered checks, or manipulated the check book, to divert funds from the law firm and/or partners' professional corporations, or to divert funds due to the law firm or its partners, into accounts she and/or her husband controlled.  The law firm currently calculates the loss at approximately $459,000.

5.  Your affiant has reviewed bank records associated with Gerry Mathews and bank information provided by the law firm.  These records reveal that Gerry Mathews embezzled money using multiple methods.  For example, Gerry Mathews, in her position as bookkeeper, was handed a check for $28,511.00 on one occasion.  This check represented funds due to a attorney for services he rendered, and it was supposed to be deposited by Gerry Mathews into this attorney's professional corporation account.  Investigation revealed that Gerry Mathews instead deposited this check into a joint account belonging to Gerry Mathews and her husband.

6.  Your affiant reviewed the check ledger for the law firm and compared this to the audit records of the law firm.  It appears that on several other occasions, Gerry Mathews would write a

check for a minimal amount made payable to American Express ("AMEX").  Once these checks were signed by one of the partners of the law firm, Gerry Mathews would alter them, increasing their value by several hundred, or even several thousand, dollars.  Gerry Mathews would then use these checks to make large payments on her own personal AMEX bill.  Some of the funds were removed from her AMEX account as cash through a scheme where she would falsely charge against her personal AMEX account the cost of services purportedly rendered by her husband's business.  In my experience, there is probable cause to believe that no such intra-family services were actually performed.  This method of embezzling and laundering funds is laid out in further detail below.

**<u>Involvement of SunTrust Bank Business Account #xxxxx3458</u>**

7.  Investigation indicates that Gerry Mathews's husband, Paul Justin Mathews, owns a heating and air-conditioning business in Maryland, called AP Mathews Heating and Air Conditioning.  This business maintains an account at SunTrust Bank.  The AP Mathews account, #xxxxx3458, is in the name of Paul Justin Mathews, but the statements are mailed to AP Mathews Heating and Air Conditioning.

8.  A review of Gerry Mathews's AMEX statements reveal that on several occasions Gerry Mathews appears to have placed charges on her AMEX card for business purportedly conducted with her husband's heating and air conditioning business.  Three of these charges are as follows:

> 06/16/2003:  $5,500
> 02/19/2004:  $2,440
> 10/28/2004:  $1,400.

9.  In my experience, there is probable cause to believe that no heating/air conditioning

business was ever conducted between Gerry Mathews and her husband's heating and air conditioning business that would have been charged to Gerry Mathew's personal AMEX card and that, instead, Gerry Mathews used her husband's business to continue her scheme to defraud the bank that paid the altered or fraudulently obtained checks, and the law firm whose partners believed they were paying AMEX for charges that the law firm or its partners owed to AMEX. Investigation indicates that Gerry Mathews would place a large charge on her AMEX bill from her husband's business. AMEX would in turn credit Paul Mathews's business account #xxxxx3458 for the phantom services billed to his wife's card, thereby laundering through her husband's business account (and his relationship with AMEX as a merchant), funds stolen from the law firm and/or the partners' professional corporations and their bank through the altering of law firm checks drawn on Crestar (now SunTrust Bank) accounts, and/or their deposit into Gerry Mathews's AMEX account. As set forth here, this money laundering scheme is violative or Title 18, United States code, Section 1956(a)(1)(B)(i), and all property involved in a money laundering transaction is subject to seizure and forfeiture under Title 18, United States Code, Sections 981(a)(1)(A) and (b)(1).

10. For example, on 2/19/04, Gerry Mathews charged $2,440 on her AMEX card, number 3713-821397-61004, for AP Mathews Heating. On or about 5/4/04, Gerry Mathews made a payment on her AMEX bill with check number 5959 drawn from a law firm partner's professional corporation account. This check was written in the amount of $2,400 and the notation line is illegible. The check register at the law firm reflects the check to have been written originally for $24.00. Investigation indicates that after the check was signed by one of the law partners, Gerry Mathews altered the check to read $2,400 and used this check to make a

payment on her AMEX bill. Gerry Mathews's AMEX card statement reflects a payment of $2,400 in June of 2004. As a result of the charge on Gerry Mathews's credit card for AP Mathews Heating, the SunTrust Bank business account number xxxxx3458, belonging to Paul Justin Mathews, was credited funds. On 2/23/04, AMEX Merchant Services deposited $2,368.02 into the business account of AP Mathews Heating, account number xxxxx3458. (This amount reflects the amount due to the merchant less the fees taken by AMEX.)

### Funds at Issue

11. On 10/28/04, Gerry Mathews charged $1,400 on her AMEX card for charges from AP Mathews Heating. A review of the bank records associated with the law firm reveals that on 11/23/04, check number 5995 was written from a law firm partner's professional corporation account to AMEX and eventually mailed for credit to Gerry Mathews's AMEX account in the amount of $5,400. The check register at the law firm confirms that the original check was written in the amount of $54.00. The check was then altered to read $5,400 and was used by Gerry Mathews to pay her AMEX bill. A review of a copy of check number 5995 bears Gerry Mathews's AMEX card number xxxx-xxxxxx-x1004 on the memo line of the check. A review of Gerry Mathews's AMEX card statement reveals a payment of $5,400 credited to her account on 12/2/2004. On 11/1/04, approximately four days after Gerry Mathews placed the AP Mathews Heating and Air Conditioning charge on her credit card, AMEX Merchant Services deposited $1,354.20 into the business account of AP Mathews Heating and Air Conditioning, account number xxxxx3458, which is owned by Paul Justin Mathews. (This amount reflects the amount due to the merchant as a result of the charge to Gerry Mathews's AMEX card, less the fees taken by AMEX.) Investigation reveals that at the time that AMEX deposited the $1,354.20

into the AP Heating and Air Conditioning account, the account had a balance of $6,732.51. Thus, on November 1, 2004, after the AMEX funds arrived at the account, the balance on the account became $8,086.71 (the amount to be seized as property involved in money laundering).

12.  These funds, once deposited into the AP Mathews Heating and Air Conditioning bank account number xxxxx3458 at SunTrust Bank, would appear clean and derived from services rendered when they were in fact funds directly or indirectly traceable to those funds stolen by Gerry Mathews from the law firm and its bank.  Your affiant has confirmed that the credits to AP Mathews Heating and Air Conditioning from AMEX Card Services were deposited into Paul Justin Mathews's business account number xxxxx3458.  Your affiant has traced in excess of $9,000 in charges from Gerry Mathews's AMEX bill to her husband's business, and these funds were later credited to business account number xxxxx3458 from AMEX Merchant Services.

13.  Under Title 18, United States Code, Section 984, it is not necessary for the Government to identify the specific property involved in the offense that is the basis for forfeiture, and it shall not be a defense that the property involved in such an offense may have been removed and replaced by identical property, provided that forfeiture proceedings are commenced within one year from the date of the offense.  In this case, as indicated above, the bank, mail and wire fraud activity involving AMEX accounts, and the subsequent money laundering of the fraud proceeds into Paul Justin Mathews's business account (number xxxxx3458), continued into November 2004, or less than one year ago.

14.  As a result to the above-described false representation and fraudulent endorsement of checks as described above, and their improper deposit into Gerry Mathews's AMEX Account,

Gerry Mathews did fraudulently obtain funds owned by or under the custody and control of

SunTrust Bank (a federally insured financial institution), in violation of Title 18, United States

Code, Section 1344 (Bank Fraud). In addition, as part of her scheme to defraud the law firm and

its bank, Gerry Mathews mailed each of the altered checks payable to AMEX to AMEX, and did

as part of her scheme cause AMEX to wire funds to Paul Justin Mathews's SunTrust Bank

business account (number xxxxx3458). Thus, in securing her fraud scheme proceeds, Gerry

Mathews also violated Title 18, United States Code, Sections 1341 (Mail Fraud) and 1343 (Wire

Fraud). Finally, as described above, there is probable cause to believe that in order to conceal or

disguise the nature, location, source, ownership or control of the proceeds of her fraudulent

scheme (in violation of Title 18, United States code, Section 1956(a)(1)(B)(i)), Gerry Mathews

allowed false charges to be incurred against her AMEX account by AP Mathews Heating and Air

Conditioning, knowing that those charges would be credited by AMEX to the AP Mathews

Heating and Air Conditioning merchant account. As indicated above, this scheme involving

AMEX charges, and credits into SunTrust Bank business account number xxxxx3458, continued

into November 2004.

## CONCLUSION

15. Based on the information contained in this affidavit, there is probable cause to

believe that the SunTrust Bank business account number xxxxx3458, contains the proceeds of

funds stolen from the law firm's bank accounts, in violation of Title 18, United States Code,

Section 1344 (Bank Fraud), and that this scheme to defraud included the use of the mail and

electronic deposits into Paul Justin Mathews's SunTrust business account (number xxxxx3458),

in the process implicating Title 18, United States Code, Sections 1341 (Mail Fraud) and 1343

(Wire Fraud), and that Paul Justin Mathews's business account (number xxxxx3458) was used

by Gerry Mathews to launder funds stolen from a law firm partner's professional corporation

account and SunTrust bank, in violation of Title 18, United States Code, Section 1956(a)(1)(b)(i)

(Money Laundering).  Therefore, all funds in the account at the time of the laundering ($8086.71)

are subject to seizure and forfeiture pursuant to Title 18, United States Code, Section

981(a)(1)(A) and (b)(1).

      Wherefore it is requested that a seizure warrant be issued for the following item:

           UP TO $8086.71 IN U.S. FUNDS ON DEPOSIT IN SUNTRUST
           BANK ACCOUNT #xxxxx3458, IN THE NAME OF PAUL
           JUSTIN MATHEWS.


           _____
           Debra L. LaPrevotte, Special Agent
           Federal Bureau of Investigation
           United States Department of Justice


SWORN TO AND SUBSCRIBED before me this _____ day of  October, 2005


      _____
      United States Magistrate Judge
      for the District of Columbia